UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE STATE OF NEW JERSEY,<br><br>Plaintiff,<br><br>v.<br><br>MARY K. BOWLES-BEY,<br><br>Defendant. | CLOSED<br><br>Civil Action No.: 10-5306 (PGS)<br><br>**MEMORANDUM & ORDER** |

Whereas *pro se* Defendant Mary K. Bowles-Bey ("Defendant") filed a notice of removal and an application to proceed *in forma pauperis* on October 14, 2010 (ECF No. 1.); and

Whereas it appears that Defendant intends to remove a municipal complaint summons, which required her to appear before the Newark Municipal Court on October 20, 2010 (ECF No. 1.); and

Whereas the summons indicates that Chanel L. Coleman-Jordan (Ms. Jordan) filed a complaint alleging that Defendant made terroristic threats when Defendant held a sword and told Ms. Jordan "I will kill you in the name of Allah" (ECF No. 1.); and

Whereas Defendant contends that removal was proper pursuant to 28 U.S.C. §§ 1331 and 1332, as well as 18 U.S.C. §§ 241 and 242; and

Whereas Defendant filed an application entitled "Demand for Pre-Summary Judgment" on November 19, 2010; and

Whereas "a federal district court may not exercise jurisdiction over a municipal court proceeding," *El Bey v. N. Brunswick Mun. Ct.*, No. 08-2825, 2008 U.S. Dist. LEXIS 47647, *3

(D.N.J. June 19, 2008) (citing *Janciga v. Vora*, 257 Fed. Appx. 530, 530-531 (3d Cir. 2007) (dismissing appeal from order dismissing "notice of removal" of matter concerning traffic citation), *Janciga v. Vora*, 238 Fed. Appx. 760, 761 (3d Cir. 2007) (dismissing appeal from order dismissing "notice of removal" of proceeding concerning citation for municipal code violation), *Pa. v. Vora*, 204 Fed. Appx. 134, 136 (3d Cir. 2006) (dismissing appeal from order dismissing "petition for removal" of municipal court matter concerning municipal code violation), *Pa. St. Police v. Vora*, 140 Fed. Appx. 433, 433 (3d Cir. 2005) (dismissing appeal from order dismissing "notice of removal" of traffic court matter, as district court may not exercise jurisdiction over attack of state traffic citation)(internal footnote omitted)); and

Whereas Defendant's status as an "Aboriginal Indigenous Moorish American" creates no jurisdiction here, *id.* (citing *Hawkins-El v. County of Wayne*, No. 08-10652, 2008 U.S. Dist. LEXIS 11865, 2008 WL 474095, *1 (E.D. Mich. Feb. 19, 2008) (dismissing complaint where plaintiff asserted jurisdiction as "sovereign Moor of the Washitaw Empire"), *Benton-El v. Odom*, No. 05-242, 2007 U.S. Dist. LEXIS 44270, 2007 WL 1812615, *6 (M.D. Ga. June 19, 2007) (adopting magistrate Judge's recommendation that no jurisdiction created by plaintiff claiming to be "Moorish American citizen"), *Halabi v. Fields*, No. 06-12203, 2006 U.S. Dist. LEXIS 55210, 2006 WL 2161338, at *1-2 (E.D. Mich. July 28, 2006) (granting motion to remand landlord-tenant action; rejecting jurisdiction based on defendant's claim of "rights as Sovereign American Moors under the Treaty of 1786"), *King v. Corp. of U.S.*, No. 05-72849, 2005 U.S. Dist. LEXIS 34174, 2005 WL 3320866, *1-4 (E.D. Mich. Dec. 7, 2005) (granting motion to dismiss complaint seeking halt of prosecution for failure to pay child support; rejecting jurisdiction based on plaintiff's claim of being "Sovereign Indigenous Moor"), *Hedrick v. Coleman*, No. 05-73707, 2005 U.S. Dist. LEXIS 25302, 2005 WL 2671327, *1-2

(E.D. Mich. Oct. 19, 2005) (dismissing complaint wherein plaintiffs claimed state foreclosure action "violates their rights as Sovereign American Moors," as "[s]uch status is not enough, in itself, to vest the Court with subject matter jurisdiction"), *Great Seal Moorish Sci. Temple v. N.J.*, No. 05-345, 2005 U.S. Dist. LEXIS 21550, 2005 WL 2396311, *1 (E.D. Pa. Sept. 28, 2005) (granting motion to dismiss civil rights claim for impounding of car; rejecting jurisdictional assertion that plaintiffs (1) are of Moorish descent and thus not American citizens, (2) possess special rights, and (3) are not subject to American law));

IT IS on this 13th day of April ORDERED as follows:

1. Defendant's application to proceed *in forma pauperis* is granted. (ECF No. 1.)

2. The clerk is directed to file Defendant's Complaint.

3. The action is remanded to the Newark Municipal Court as this Court lacks jurisdiction.

4. Defendant's application entitled "Demand for Pre-Summary Judgment," is moot.

PETER G. SHERIDAN, U.S.D.J

April 13, 2011